**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Frank Giso,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | CV 15-0589-TUC-RCC (LAB)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the court is a petition for writ of habeas corpus filed on December 21, 2015, by Leonard Frank Giso. (Doc. 1)  Giso is currently incarcerated in the Arizona State Prison Complex in Douglas, Arizona. *Id*.

　　　　Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

　　　　The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition.  Giso's two convictions for engaging in a fraudulent scheme or artifice were not multiplicitous.

Summary of the Case

　　　　Giso fraudulently offered for rent two apartments that he did not, in fact, own.  He collected money from the prospective tenants and then disappeared when they found they were unable to move in.  The following evidence was presented at trial:

1  In 2012 and 2013, Giso approached E.C. and discussed leasing space in E.C.'s strip mall.
2  (Doc. 11, pp. 4-6)  During these negotiations, E.C. permitted Giso to stay rent-free in one of
3  E.C.'s furnished corporate apartments. *Id.*  In 2013, Giso stayed for approximately one week
4  at E.C.'s Crescent Ridge apartment complex and one week at E.C.'s Summit Vista apartment
5  complex. *Id.*

6  Around March 6, 2013, W.B. responded to an online classified advertisement for a
7  corporate apartment.  (Doc. 11, pp. 4-6)  W.B. and his stepson, A.P., met Giso at the Crescent
8  Ridge complex. *Id.*  Giso showed them a furnished one-bedroom apartment. *Id.*  W.B. gave
9  Giso approximately $500 to rent the apartment, but the key Giso gave him did not fit the door.
10 *Id.*  When his money was not promptly refunded, W.B. contacted the police. *Id.*

11  Around March 9 or 10, 2013, S.S. responded to a similar advertisement.  (Doc. 11, pp.
12  4-6) S.S. gave Giso approximately $550 to rent an apartment at the Crescent Ridge complex.
13  *Id.*  When Giso repeatedly delayed S.S.'s move-in date, S.S. asked for a refund. *Id.*  Giso then
14  stopped communicating with S.S. *Id.*

15  On April 6, 2013, S.F. responded to an online advertisement for a furnished apartment.
16  (Doc. 11, pp. 4-6)  Giso showed S.F. a furnished apartment in the Summit Vista apartment
17  complex. *Id.*  S.F. gave Giso $650 to rent the apartment. *Id.*  Giso delayed S.F.'s move-in date
18  and then failed to refund S.F.'s money. *Id.*

19  Also on April 6, 2013, J.G. responded to a similar advertisement.  (Doc. 11, pp. 4-6)  J.G.
20  and her husband C.G., gave Giso $500 to rent a two-bedroom apartment in the Summit Vista
21  apartment complex. *Id.*  J.G. requested a refund when she discovered that Giso was not an
22  owner of the building as he claimed. *Id.*  Giso did not refund J.G.'s money. *Id.*

23  Giso was charged with two counts of engaging in a fraudulent scheme or artifice, two
24  counts of forgery, and one count of theft.  (Doc. 11, p. 6)  Count 1 of the indictment was based
25  on the fraudulent scheme involving the Crescent Ridge apartments. *Id.*  Count 2 was based on
26  the fraudulent scheme involving the Summit Vista apartments. *Id.*

27
28

1    Immediately before his trial, Giso pleaded guilty to one count of theft.  (Doc. 11, p. 7)
2 Giso was convicted after a jury trial of the remaining four counts.  (Doc. 11, pp. 12-16)  The
3 trial court sentenced Giso to an aggregate prison term of 18.5 years.  (Doc. 11, p. 7)
4    On direct appeal, Giso argued the two counts of engaging in a fraudulent scheme or
5 artifice were multiplicitous.  (Doc. 11, p. 26)  The Arizona Court of Appeals affirmed his
6 convictions and sentences on April 10, 2015.  (Doc. 11, pp. 3-10)
7    On April 20, 2015, Giso filed a Notice of Petition for Post-Conviction Relief.  (Doc. 11,
8 p. 69)  When appointed counsel, Stephan J. McCaffery, was unable to find any meritorious
9 issues, Giso filed a petition pro se.  (Doc. 11-11, p. 3); (Doc. 12, p. 20)  He argued (1) his two
10 counts of engaging in a Fraudulent Scheme or Artifice were multiplicitous in violation of double
11 jeopardy, (2) his punishment was grossly disproportionate to the severity of the offense, (3) the
12 prosecutor made improper remarks at trial calling him a "con-man," and (4) he was not read his
13 *Miranda* rights when he was arrested and booked into jail.  (Doc. 12, p. 10)  On December 9,
14 2015, the trial court denied the petition.  (Doc. 12, pp. 20-21)  It found the first claim precluded
15 because it had already been addressed on the merits.  (Doc. 12, pp. 20-21)  It found the
16 remaining three claims were waived pursuant to Ariz.R.Crim.P. 32.2(a)(3).  (Doc. 12, pp. 20-
17 21)  Giso did not file a petition for review with the Arizona Court of Appeals.  (Doc. 10, p. 5)
18    On December 21, 2015, Giso filed the pending petition for writ of habeas corpus
19 pursuant to 28 U.S.C. § 2254.  (Doc. 1)  He argues (1) "both counts of fraudulent schemes arose
20 from a single scheme to defraud" so they are multiplicitous in violation of the Double Jeopardy
21 Clause,  (2)  trial counsel was ineffective for failing to raise *Miranda* and Double Jeopardy
22 claims,  (3) the prosecutor engaged in misconduct during the trial when he called Giso a "con-
23 man," and (4) he was never given *Miranda* rights when arrested or taken to jail.  (Doc. 1)
24    The respondents filed an answer arguing Giso's claims are procedurally defaulted or
25 should be denied on the merits.  (Doc. 10)  Giso filed a reply on April 29, 2016.  (Doc. 15)
26
27    Discussion
28

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing

state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

Discussion

In Claim (1), Giso argues his two convictions for engaging in a fraudulent scheme or artifice were multiplicitous. The respondents concede this claim was properly exhausted.

"An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). The fundamental issue is determining

how many offenses the defendant has allegedly committed under the statute. *See Bell v. United States*, 349 U.S. 81, 82-84 (1955) (holding that transportation of "two women on the same trip and in the same vehicle" constitutes a single violation of the Mann act).

Giso was convicted of violating A.R.S. § 13-2310, which applies if "pursuant to a scheme or artifice to defraud, [a person] knowingly obtains any benefit by means of false or fraudulent pretenses, representations, promises or material omission." "The criminal conduct punishable under § 13-2310 is the scheme to defraud, not any acts committed in furtherance of the scheme." (Doc. 11, p. 8)  The Arizona Supreme Court has held that using two stolen credit cards issued by different banks constituted two schemes to defraud even though they were taken from the victim at the same time, when he was murdered. *State v. Via*, 146 Ariz. 108, 116, 704 P.2d 238, 246 (1985). "There was then specific intent to defraud twice, once as to each card and bank." *Id.*; *see also Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Here, Giso was charged with and convicted of two separate schemes. In the first scheme, he fraudulently convinced W.B. and S.S. that he was authorized to rent an apartment at the Crescent Ridge complex. In the second scheme, he fraudulently convinced S.F. and J.G. that he was authorized to rent an apartment at the Summit Ridge complex. The two schemes were similar, but there was specific intent to defraud twice, once as to each apartment complex.

The Arizona Court of Appeals concluded that the two schemes were not multiplicitous because "Giso embarked not on one scheme to defraud but on two separate courses of conduct, at different times, involving discrete and independent instrumentalities and misrepresentations." (Doc. 11, p. 10)  The court did not reach a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). This claim should be denied on the merits.

In Claim (2), Giso argues trial counsel was ineffective for failing to raise *Miranda* and Double Jeopardy claims. (Doc. 1, p. 7)

Giso did not raise this claim in his post-conviction relief proceeding where ineffective assistance claims should be raised. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005),

*cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). And he cannot go back and raise the issue now; it is waived. *See* Ariz.R.Crim.P. 32.2(a)(3) His claim, therefore, is procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Giso seems to argue that appellate counsel should have raised the issue, but ineffective assistance claims should be raised in post-conviction relief proceedings not on direct appeal. (Doc. 1, p. 7); *Martinez v. Ryan*, 132 S.Ct. 1309, 1313 (2012)

Giso further argues this default should be excused because post-conviction relief (PCR) counsel failed to raise the issue. (Doc. 1, pp. 7, 35) Under certain circumstances, ineffective assistance of PCR counsel could excuse the procedural default of a trial counsel ineffective assistance claim (IAC). *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Here, however, PCR counsel's failure to raise this issue was not ineffective assistance because the underlying claim had no merit. *See Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (Counsel is ineffective only if his performance was deficient and that deficient performance prejudiced the defendant.). As PCR counsel correctly explained to Giso, trial counsel's failure to bring a double jeopardy challenge was not ineffective assistance because the substantive issue was later raised on appeal and rejected. (Doc. 1, p. 35) Counsel cannot be ineffective for failing to bring a meritless claim. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). Trial counsel was not ineffective, so PCR counsel was not ineffective either.

PCR counsel also was not ineffective for failing to bring a claim that trial court should have raised a *Miranda* claim. Again, the underlying IAC claim had no merit. A successful *Miranda* claim would have prevented the state from using the defendant's statements to police in its case-in-chief at trial. *See Mirana v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). But here, Giso does not allege that any of his statements to police were introduced at trial. *See* (Doc. 10, p. 14) Accordingly, trial counsel's failure to raise the issue caused Giso no prejudice, and therefore trial counsel was not ineffective. *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (Counsel is ineffective only if his performance was deficient and that deficient

performance prejudiced the defendant.) Trial counsel was not ineffective, so PCR counsel also was not ineffective. Giso's procedural default is not excused.

In Claim (3), Giso argues the prosecutor engaged in misconduct during the trial when he called Giso a "con-man." (Doc. 1) In Claim (4), he argues he was never given *Miranda* rights when arrested or taken to jail. *Id*. These claims were raised in Giso's pro-se petition for post-conviction relief. The trial court, however, found the claims precluded pursuant to Rule 32.2(a)(3). (Doc. 12, pp. 20-21) They are therefore procedurally defaulted.

Giso argues the defaults should be excused because his appellate counsel failed to raise these issues earlier. Under certain circumstances, appellate counsel's ineffectiveness could constitute cause to excuse a default, but only if appellate counsel's ineffectiveness was raised as an independent claim before the state court. *Murray v. Carrier*, 477 U.S. 478, 488-489, 106 S.Ct. 2639, 2645-2646 (1986)  Here, it was not raised as an independent claim. Accordingly, Giso cannot show cause to excuse his default.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the petition for writ of habeas corpus. (Doc. 1) Claim (1) should be denied on the merits. Claims (2), (3) and (4) are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 10th day of May, 2016.

Leslie A. Bowman
United States Magistrate Judge