IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Frank Giso,<br><br>            Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>           Respondents. | No. CV-15-00589-TUC-RCC<br><br>**ORDER** |

    Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Bowman (Doc. 16) that recommends this Court deny Giso's 28 U.S.C. §2254 habeas petition (Doc. 1).[1]  Giso filed a series of objections to Judge Bowman's report, which included a request that he be appointed counsel.  *See* Doc. 17.

    First, Giso's request for appointment of counsel is denied. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The Court does have discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Here, however, Giso has not made the necessary showing for appointment of counsel, and, therefore, his Motion for Counsel Appointment

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); see also *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

will be denied.

Second, Giso objects to Judge Bowman's conclusion that he did not raise the ineffective assistance of counsel claim (Claim 2) in his post-conviction relief proceedings. See Doc. 17 at 2. In support of this objection Giso points to his November 4, 2015 Petition for Post-Conviction Relief ("PCR Petition"), filed in the Superior Court of Pima County, which lists "ineffective assistance of counsel" amongst the purported grounds for relief. Regardless of whether Giso is correct in asserting that he did, in fact, raise the ineffective assistance of counsel claim in state court[2], his objection neither addresses nor undermines Magistrate Judge Bowman's concomitant, well-reasoned conclusion that Giso's ineffective assistance of counsel claims should be denied on the merits; pursuant to 28 U.S.C. §2254(2) "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

Giso's remaining objection(s) do not undermine the remaining analysis and proper conclusion reached by Magistrate Judge Bowman.

Having conducted an independent review of the record, this Court concludes that Magistrate Judge Bowman's recommendations are not clearly erroneous. Accordingly, apart from the finding that Giso defaulted the claims raised in Ground Two of the habeas petition, Judge Bowman's recommendations are adopted. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Before Giso can appeal this Court's judgment, a certificate of appealability must issue. See 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of appealability or state

---

[2] In their response to the instant habeas petition Respondents argue Giso did not "present either of these [ineffective assistance of counsel] claims in his PCR Petition," observing that Giso failed to include these "in his list of four grounds for relief in his explanation attached to his petition." See Doc. 10 at FN5.

why a certificate should not issue." Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. See 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The Report and Recommendation (Doc.16) is accepted.

(2) Petitioner's §2254 habeas petition (Doc. 1) is denied and this case is dismissed with prejudice.

(3) A Certificate of Appealability is denied and shall not issue.

(4) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 8th day of November, 2016.

Raner C. Collins
Chief United States District Judge